ch 13 continue automatic stay.wpd

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE:                          )
                                )
DEBORAH A NIKSCH,               )        CASE NO.  10-25657 JPK
                                )        Chapter 13
            Debtor.             )

<u>ORDER CONTINUING AUTOMATIC STAY</u>

This matter came before the Court on January 10, 2011 for hearing on debtor's motion to continue automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B).

The debtor has previously been a party to a case under Chapter 7, 11 and/or 13 pending during the year prior to the filing of this case, which case was dismissed.  The Court finds that the instant case has been filed in good faith with regard to all creditors to be stayed, pursuant to the requirements of 11 U.S.C. §362(c)(3)(B).

IT IS ORDERED that the automatic stay shall be extended as to all creditors throughout the duration of the present case or until such time as any party-in-interest, after notice and hearing, demonstrates to the Court that the stay should be terminated consistent with the provisions of 11 U.S.C. § 362(d) or (f), subject to the following conditions:

1.        Complete and timely compliance with 11 U.S.C. § 1308, as compliance deadlines may be extended by the Chapter 13 Trustee and/or by the Court pursuant to 11 U.S.C. § 1308.  Any misrepresentation by the debtor to the Trustee and/or the Court (including a statement made in any filing with the Court) with respect to compliance with 11 U.S.C. § 1308 will result in the termination of the automatic stay as to all creditors, and may result in a referral by the Court to the United States Department of Justice for review for prosecution for violation of laws providing for criminal sanctions.

2.        Attendance by the debtor and by counsel for the debtor at the first scheduled meeting of creditors pursuant to 11 U.S.C. § 341 and complete cooperation with the Trustee at

ch 13 continue automatic stay.wpd

said meeting sufficient to allow the Trustee to timely conclude said meeting, subject only to

reasons for the non-conclusion of said meeting as first scheduled which are deemed by the

Chapter 13 trustee to constitute "good cause" – including matters within the Trustee's discretion

under 11 U.S.C. § 1308 – for the continuance or rescheduling of the first scheduled meeting.

3.      By the date of the first scheduled hearing on confirmation of the plan of the

debtor, provision to the Chapter 13 Trustee of evidence sufficient for the Trustee to determine

the compliance of the debtor with 11 U.S.C. § 1325(a)(8).

4.      The receipt by the Chapter 13 Trustee of the first monthly payment required by

the debtor's presently proposed Chapter 13 plan by **5:00 p.m. on January 20, 2011**.

IT IS FURTHER ORDERED that in the event the debtor fails to comply with the

requirements of this order, the stay of 11 U.S.C. § 362(a) will be terminated to the extent

provided by 11 U.S.C. § 362(c)(3) without further hearing upon the filing of an affidavit of

default by the Trustee or by any other creditor or party-in-interest in this case.

Dated at Hammond, Indiana on January 14, 2011.


/s/ J. Philip Klingeberger
J. Philip Klingeberger, Judge
United States Bankruptcy Court

Distribution:
Debtor, Attorney for Debtor
Trustee, US Trustee
All Creditors
All Parties-in-Interest
Rev. 10/22/2007